527 F.2d 588
 91 L.R.R.M. (BNA) 2129, 78 Lab.Cas. P 11,191
 Peter J. BRENNAN, Secretary of Labor, United States
Department of Labor, (successor to James D.
Hodgson), Plaintiff-Appellee,
v.
LOCAL UNION 10, INTERNATIONAL LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION (IND), et al., Defendants-Appellants.
 No. 74--1837.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 12, 1975.
 
 Richard Gladstein of Gladstein, Leonard, Patsey & Anderson, San Francisco, Cal., for defendants-appellants.
 Richard F. Locke, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.
 OPINION
 Before WRIGHT and SNEED, Circuit Judges, and TAYLOR,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a summary judgment directing the appellants, Local Union 10, International Longshoremen's and Warehousemen's Union and two of its officers to include the financial condition of the Bay Area Longshoremen's Memorial Association (BALMA), alleged to be a 'subsidiary' of Local Union 10, in amended labor organization annual reports for fiscal years 1968, 1969 and 1970.
 
 
 2
 We reverse and remand for further proceedings consistent with this opinion.
 
 
 3
 The Labor-Management Reporting and Disclosure Act (LMRDA) of 1959 (29 U.S.C. § 401 et seq.) requires labor organizations annually to file a financial report. (29 U.S.C. § 431(b)). The Secretary of Labor is empowered to promulgate such rules and regulations as he deems necessary 'to prevent the circumvention or evasion of such reporting requirements.' (29 U.S.C. § 438). The regulations which implement these disclosure provisions provide that the required information be filed on Labor Department Form LM--2 (29 C.F.R. § 403.3). In neither the LMRDA nor the implementing regulations is there discussion of what constitutes a 'subsidiary organization' or the scope of financial disclosure that is required. The first mention of the term 'subsidiary organization' is in Form LM--2 which states:
 
 
 4
 Your annual report must accurately disclose your organization's financial condition and operations for its preceding fiscal year, or for the reporting period for which it is filed. To meet this requirement your financial report must include details on the financial condition and operation of all special funds of the reporting organization and all of your 'subsidiary organizations':
 
 
 5
 A 'subsidiary organization,' within the meaning of these instructions is any separate organization in which the ownership is wholly vested in the labor organization or its officers or its membership, which is governed or controlled by the officers, employees, or members of the labor organization, and which is wholly financed by the labor organization.
 
 
 6
 An example of a 'subsidiary organization' is a building company which holds title to a meeting hall used by the labor organization. The labor organization owns the building company, appoints the officers, and finances the operation of the building company.
 
 
 7
 From the above instructions it is clear that there are three necessary conditions, each of which must be satisfied, for a finding that a separate organization is a 'subsidiary' of a labor organization: (1) Ownership must be wholly vested in the labor organization, its officers, or membership; (2) it must be governed or controlled by the officers, employees or members of the labor organization; and (3) it must be wholly financed by the labor organization. This third condition does not say 'wholly financed by the labor organization, or its officers, employees, or members.' Financing must be by the labor organization alone. Because the record does not support a finding that BALMA is wholly financed by Local Union 10 alone we hold summary judgment was improper in this case.
 
 
 8
 The record shows that each of the following BALMA associated persons were members in good standing of Local Union 10 during the fiscal years in question (1968--1970): (1) All members of BALMA; (2) all members of the Board of Directors of BALMA; (3) all officers of BALMA; and (4) all members of the Board of Trustees of BALMA, except for one pensioner trustee.
 
 
 9
 The record indicates that BALMA is currently being financed through the sale of membership certificates to new members and from the collection of monthly dues. The fact that each person purchasing a membership certificate is a member of Local Union 10 does not mean that it wholly finances the organization. The illustration appearing in the instructions to Form LM--2, supra, indicates an intent to distinguish between those organizations which are wholly financed by the labor organization and those financed by its members.
 
 
 10
 We are unable to ascertain from the record the financial arrangements between BALMA and Local Union 10. It is unclear from whom BALMA secured the initial capital to purchase the building which is its primary asset.[1] There is mention of a $1,000,000 loan, but it is not possible to determine whether BALMA or Local Union 10 was the borrower. The record also does not reveal whether it was the members of BALMA or Local Union 10 who were assessed the initial building assessment. Also unexplored is the relationship, if any, between this assessment and the requirement of purchasing a membership certificate upon joining BALMA. The record mentions a monthly building maintenance assessment of members of BALMA, but it is not made certain whether this is the monthly dues of BALMA or in addition to such dues. The assertion that during the period in question the same man was the secretary-treasurer of Local Union 10 and BALMA does not tell us whether Local Union 10 financed BALMA. Therefore, these deficiencies in the record make it impossible to say that BALMA is a 'subsidiary organization' as described by Form LM--2.
 
 
 11
 It may well be that even if it is found that BALMA does not satisfy the definition of a 'subsidiary organization' in Form LM--2, that it is a 'subsidiary' within the scope of the purposes sought to be served by 29 U.S.C. § 431(b). On the record before us, however, we are unable to say that the affairs of BALMA and Local Union 10 are so 'inextricably related'[2] as to require a finding that BALMA should be subject to the disclosure requirements of the LMRDA.
 
 
 12
 For these reasons summary judgment was improper in this case.
 
 
 13
 Reversed and remanded.
 
 
 
 *
 Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 [1]
 Factually it is unclear from the record if the land and building were purchased outright, or if the land was purchased and the building later constructed
 
 
 [2]
 See, Local No. 1419 ILA General Longshore Workers Union v. Smith, 301 F.2d 791 (5th Cir. 1962)